**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ARJUSZ ROSZKOWSKI,
         Plaintiff,

     v.                                     CIVIL ACTION NO. 15-13531-NMG

CHRISTOPHER ZARRELLA, ET AL.,
         Defendants.

**MEMORANDUM AND ORDER**

**GORTON, J.**

**I.**    **Background**

On October 6, 2015, plaintiff Arjusz Roszkowski ("Roszkowski"), a prisoner in custody at the U.S. Penitentiary in Lewisburg, Pennsylvania, filed a Complaint against Rhode Island police officers, federal and state prosecutors employed in Rhode Island, and a former informant employed by the Rhode Island State Police. Specifically, the defendants include: (1) Rhode Island Police Officer Christopher Zarrella ("Zarrella"); (2) Scott Baruti ("Baruti"), an employee of the Rhode Island Police Barracks; (3) Stephen Dambruch ("Dambruch"), a Rhode Island federal prosecutor; (4) Pamela Chin ("Chin"), Assistant Attorney General for Rhode Island; and (5) James Snoke ("Snoke"), a former informant currently incarcerated in Tucson, Arizona.

Roszkowski's claims arise out of incidents underlying his criminal conviction in the District of Rhode Island, for being a felon in possession of a firearm, and possession of a firearm with manufacturer's serial number removed, obliterated or altered. See United States v. Roszkowski, Criminal No. 1:09-cr-00171-S-LDA-1 (D.R.I. 2009).[1] On November 27, 2012, the United States Court of Appeals for the First Circuit ("First Circuit") affirmed his conviction. See United States v. Roszkowski, 700 F.3d 50 (1st Cir. 2012); No. 11-1455; 11-1456. On September 18, 2015, Roszkowski's Motion to Vacate, Set Aside or Correct Sentence pursuant to

---

[1] The prior felony conviction was a bank robbery in New Hampshire. See United States v Roszkowski, Criminal No. 1:05-cr-00135-SM-1 (D.N.H. (Concord) 2005).

28 U.S.C. § 2255 was dismissed as untimely and procedurally barred.  See United States v. Roszkowski, Criminal No. 1:09-cr-00171-S-LDA (D.R.I. 2015) (Order, Docket No. 117).  The instant action was filed a few weeks later.

In brief, Roszkowski asserts in this action that he was entrapped by Zarrella, Baruti and Snoke, and was illegally prosecuted by defendants Dambruch and Chin.  Significantly, he claims that he previously filed a civil suit in the District of Rhode Island with respect to three of the five defendants named in this action (*i.e*., Zarrella, Baruti and Snoke) based on an alleged illegal search and seizure of his house; however, he maintains that the house search that was the subject of the Rhode Island lawsuit is not relevant to the instant action.[2]

Next, Roszkowski alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because: 1)  he was a Massachusetts resident at the time of the incidents that are the subject of this Complaint and 2) the defendants are or were residents of Rhode Island.[3]  He also asserts that defendants Zarrella and Baruti were supervising an informant (Snoke) in a federal halfway house in Massachusetts.  Additionally, Roszkowski contends that he has raised a federal question and has asserted claims against a federal defendant (Dambruch) and a state prosecutor acting as a federal prosecutor (Chin) during criminal proceedings against him.[4]  The pertinent facts are not entirely revealed in the Complaint.  Using the First Circuit opinion to provide additional context, the background and allegations are as follows.  In 2009, the Rhode Island State police employed Snoke to work for them as an informant at a Boston

---

[2] Judgment for the defendants issued in that action.  See Roszkowski v. Sanzi, et al., Civil Action No. 1:10-cv-00251-ML-LDA (D.R.I. (Providence) 2000).  Roszkowski raised similar allegations to those raised in this action with respect to entrapment.  See Report and Recommendation (Docket No. 27) adopted by District Judge, Order (Docket No. 28).

[3] Although Roszkowski alleges that there is diversity jurisdiction over this case, he does not specify the state-law claims he seeks to assert based upon the Court's diversity jurisdiction.

[4] He alleges that these prosecutors do not have prosecutorial immunity because his claims assert that they: (1) fabricated evidence; (2) knowingly made false statements; (3) put witnesses on the stand knowing they were going to lie; (4) failed to correct the witnesses testimony or notify the court when the witnesses were lying; and (5) withheld key evidence that would impeach all key witnesses and overturn his criminal conviction.

federal halfway house. He and Snoke were roommates at the halfway house until Roszkowski was released. Roszkowski contends that on November 2, 2009, the Rhode Island State Police contacted Massachusetts law enforcement to prepare to have him arrested. He claims that Snoke attempted to persuade him to be part of a big drug deal and that he told Snoke he did not want to be involved. He also alleges that Zarrella and Baruti were trying to create a reason to arrest him, but they were unsuccessful with that set-up, as they had been with earlier attempts to frame him on gun and drug charges.

Next, Roszkowski contends that Snoke falsely told Zarrella and Baruti that it was Roszkowksi who initiated the call to Snoke in an attempt to buy guns in order to rob a bank. Roszkowski denies any intent to rob a bank or to obtain guns. He alleges that there is a tape recording that evidences this fact; nevertheless, Zarrella and Baruti still tried to have him arrested for trying to buy firearms, rob a bank and kill police officers. He also alleges that they arranged for Snoke to pressure him to participate in a gun deal, despite his reluctance to do so.[5] Roszkowski also alleges that phone records were altered/edited to erase portions of conversations that he had with Snoke and that Dambruch presented that false evidence in the criminal proceedings against him. He further contends that he was only charged with firearm possession with a missing serial number (and not bank robbery or attempted murder of police) in order to prevent him from raising as a defense his assertions of false evidence and statements, and thus he was unable to support his entrapment defense.

As an additional matter, Roszkowski alleges that he had attempted to commit suicide but Chin reported that incident as a way to inform the media that he was trying to kill police. She

---

[5]The First Circuit indicated that Roszkowski placed a call to Zarrella (posing as a black-market arms dealer) for the purpose of procuring a 12-gauge shotgun, a 9mm handgun, and various types of ammunition, allegedly for home defense. Roszkowski also expressed interest in making future purchases from Zarrella. After agreeing on the details, the two agreed to complete the transaction the next day in a secluded park in Rhode Island. United States v. Roszkowski, 700 F.3d at 53.

also allegedly used that report as a means to falsely arrest him.[6]

As a result of the defendants' actions, Roszkowski claims he was denied his due process right to a fair trial. He denies that this civil action has anything to do with the criminal charges brought against him; rather, he claims this case only involves his attempt to obtain the real evidence to combat the false evidence used against him at trial. Compl. (Docket No. 1 at 7-8). Nevertheless, in a seemingly contrary statement, Roszkowski also contends that, after obtaining the real evidence, he will be able to overturn his conviction, "get back to court" and defend the charges. Id.

As relief, Roszkowski seeks to obtain all recorded conversations and text messages between Snoke and himself, all collected statements and evidence gathered from Snoke, Zarrella and Baruti in 2009, written accounts from those defendants of all events and attempts to induce him into crime, unedited recordings of conversations with Zarrella, and written admissions from the defendants that the accusations against him regarding the attempt to purchase firearms and killing police was false. He seeks such admissions not only to use in court but to clear his name in order to get a job and go to college, and in order not to be targeted by police in the future. Further, he seeks monetary compensation from the defendants for having presented knowingly false evidence and information that resulted in his conviction.

Along with the Complaint, Roszkowski filed a Motion for Leave to Proceed *in forma pauperis* with his inmate account statement.

---

[6]Roszkowski alleges that people were told that he was trying to kill police officers but "accidentally" shot himself in the head instead. Compl. (Docket No. 1 at 5). The First Circuit sheds further light in that regard. It indicated that the transaction between Zarrella and Roszkowski did not go as planned. As Roszkowski approached the designated location, Zarrella spotted a gun protruding from Roszkowski's waistband. At that point, Zarrella identified himself as a police officer and attempted to arrest Roszkowski. "A struggle ensued, during which Roszkowski discharged the firearm, critically injuring himself." United States v. Roszkowski, 700 F.3d at 53.

**II.     Discussion**

Roszkowski expressly alleges that this Court has jurisdiction over this matter and that venue in this District is authorized.  Presumably, with respect to the venue issue, Roszknowski relies on the relevant statute.  See 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").  Nevertheless, this Court is not convinced that a "substantial part" of the events giving rise to Roszkowski's claims took place in this district, nor is this Court convinced that a "substantial part of property" is situated in this district.

Apart from Roszkowski's allegations that telephone calls were made to him while he was in Massachusetts to solicit him into committing a crime, that he was a roommate of Snoke while in a Boston halfway house and that Massachusetts police were called to prepare for an arrest,  the actual gun/ammunition purchase, and the incidents leading to his arrest and the criminal charges, all took place in Rhode Island, not Massachusetts.  Moreover, Roszkowski's claims against prosecutors Dambruch and Chin for prosecutorial misconduct involved actions which took place in Rhode Island where his criminal trial was held.

Next, it reasonably appears that all the evidentiary documents which Roszkowski seeks as part of his requested relief are located in Rhode Island and not Massachusetts.  Further, Roszkowksi seeks written admissions from the defendants located in Rhode Island.

Finally, at this time, Massachusetts has no special connection to this case.  Roszkowski is currently in Pennsylvania; Snoke, an alleged witness to his entrapment, is incarcerated in Arizona and all the other defendants are alleged to be residents of Rhode Island.  Thus, Roszkowski would not be prejudiced by the transfer of this action to the district where most of the parties are located and where the requested property (evidence from 2009) is located.

In light of the above, this Court finds that it is in the interest of justice to transfer this action to the District of Rhode Island for further proceedings.  See 28 U.S.C. § 1404(a)

(providing, in relevant part, that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").

In view of the transfer, this Court declines to rule on Roszkowski's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) but will transmit the motion for ruling by the assigned judge in the District of Rhode Island.

Upon transfer, this case shall be closed on this Court's docket.

### III. Conclusion

Based upon the foregoing:

1) this action is <u>TRANSFERRED</u> to the United States District Court for the District of Rhode Island; and

2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>TRANSMITTED</u> to the United States District Court for the District of Rhode Island for disposition.


SO ORDERED.

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated:  December 4, 2015