UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

<u>Arjusz Roszkowski</u>

   v.                                Civil No. 15-cv-519-PJB-AKJ

<u>Christopher Zarella et al.</u>[1]

**REPORT AND RECOMMENDATION**

Pro se plaintiff Arjusz Roszkowski has filed a complaint (doc. no. 1), alleging that defendants, Rhode Island State Police ("RISP") Troopers, current and former Rhode Island federal prosecutors, and an RISP informant, have violated plaintiff's Fourteenth Amendment rights and are liable to him for tortious conduct.  The matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2).

**Preliminary Review Standard**

This court may dismiss claims asserted in pleadings filed by parties proceeding in forma pauperis, if they have failed to

---

[1]Plaintiff names the following defendants in his complaint (doc. no. 1): Rhode Island State Police ("RISP") Trooper Christopher Zarella, RISP Trooper Scott Baruti, First Assistant United States Attorney for the District of Rhode Island Stephen Dambruch, (former) Assistant United States Attorney for the District of Rhode Island Pamela Chin, and an RISP civilian informant.

state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

## Background

Roszkowski's claims arise from the circumstances surrounding his arrest, prosecution, and conviction on two federal firearms offenses in the District of Rhode Island in 2009 and 2010. Roszkowski claims that the defendant RISP Troopers, Christopher Zarella and Scott Baruti, worked with a civilian informant to entrap Roszkowski into committing a crime he was not otherwise inclined to commit, falsified evidence against Roszkowski, and knowingly provided false testimony at Roszkowski's trial. Roszkowski also claims that federal prosecutors Stephen Dambruch and Pamela Chin participated in fabricating evidence against Roszkowski, released false information to the media in order to taint the jury pool,

knowingly presented false evidence at trial, failed to correct witness testimony they knew to be false, and withheld exculpatory evidence.

Roszkowski was convicted of the two charged firearms offenses after a jury trial in the District of Rhode Island. See United States v. Roszkowski, No. 1:09-cr-00171-S-LDA-1 (D.R.I. Sept. 22, 2010), ECF No. 59.  Roszkowski was sentenced to 180 months in prison on the charges.  See id., ECF no. 82. The First Circuit affirmed Roszkowski's convictions.  See United States v. Roszkowski, 700 F.3d 50, 52 (2012).

Roszkowski asserts that the above-described acts and omissions of the defendants violated his rights under the Due Process Clause of the Fourteenth Amendment.  Liberally construed, the complaint also asserts claims sounding in tort under Rhode Island state law.  Roszkowski seeks monetary damages and the following injunctive relief in this matter: a court order directing defendants to provide him with (1) unedited copies of recorded phone conversations between himself and the informant; (2) all of the statements or evidence concerning plaintiff's 2009 criminal charges produced by or gathered from the informant, Zarella, and Baruti; and (3) written admissions from Zarella, Baruti, and Attorneys Stephen Dambruch and Pamela

Chin, that certain allegations they made against Roszkowski, in connection with his criminal case, were false. Roszkowski states that, armed with the requested information, he intends to seek and obtain a reversal of his 2010 conviction.

## Discussion

Roszkowski's claims against Zarella, Baruti, and the informant, who, he alleges, violated his rights while acting under the authority of state law, arise under 42 U.S.C. § 1983 and state tort law. To the extent Roszkowski sues federal defendants Dambruch and Chin, his claims arise under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcs., 403 U.S. 388 (1971). Liberally construed, the complaint also asserts claims, arising out of Dambruch's and Chin's acts, under the Federal Tort Claims Act ("FTCA").

Roszkowski cannot bring a § 1983 or Bivens action asserting violations of his federal rights in his arrest, prosecution, or conviction, where a decision in his favor would "'necessarily imply' the invalidity of his conviction.'" Skinner v. Switzer, 131 S. Ct. 1289, 1298 (2011) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)); see also Pandey v. Freedman, 66 F.3d 306, 1995 WL 568490 at *1, 1995 U.S. App. LEXIS 27529 at *2 (1st Cir.

4

1995) (per curiam) (unpublished table decision) (under Heck, plaintiff "'cannot establish the elements of a Bivens action until his conviction has been declared invalid or otherwise impugned'" (citation omitted)).

As conceded by Roszkowski, neither his conviction nor his sentence have been invalidated. Roszkowski's successful prosecution of the claims asserted here could impugn the validity of his conviction and sentence; indeed, that is Roszkowski's stated purpose in bringing this action. See Golden v. Fox, No. 15-20065, 2016 WL 889532 at *1, 2016 U.S. App. LEXIS 4353 at *2 (5th Cir. Mar. 8, 2016) (finding civil action barred by Skinner where plaintiff sought to uncover "evidence to vacate the wrongful conviction and sentence"). Roszkowski's claims based on state law, or asserted through the FTCA, are also subject to the Heck/Skinner bar. See Aldrich v. City of Cambridge, No. 12-12273-RGS, 2013 WL 5533196 at *2 n.6, 2013 U.S. Dist. LEXIS 144699 at *6 n.6 (D. Mass. Oct. 7, 2013), appeal filed, No. 13-2373 (1st Cir. Nov. 1, 2013). Accordingly, Roszkowski's claims for monetary and injunctive relief, based on the alleged illegality of his conviction and sentence, are subject to the Heck bar and should be dismissed, without prejudice to refiling should Roszkowski's conviction and

sentence be terminated in his favor in the future.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 8, 2016

cc: Arjusz Roszkowski, pro se